# CHARLESTON

## SENTER v. BOARD OF CANVASSERS.

Submitted December 8, 1908.    Decided December 9, 1908.

1. ELECTIONS—*Ballots—Indorsement by Poll Clerk.*
   The clause in section 34 of chapter 3 of the Code, as amended by chapter 21, Acts 1908, relating to indorsement of election ballots by poll clerks, is directory in so far as it provides that the signatures shall be on the lines provided therefor, under the printed words "Poll Clerks," and in ink, but mandatory in so far as it requires the signatures to be in the hand writing of the poll clerks. (pp. 500, 501.)

Application of E. M. Senter for a writ of *mandamus* to the Board of Canvassers of Wyoming County.

*Mandamus Awarded.*

JOHN HATCHER, M. F. MATHENY and UPSHUR HIGGIN-
BOTHAM, for petitioner.

MOLLOHAN, McCLINTIC & MATHEWS and ARTHUR ENG-
LISH, for respondents.

POFFENBARGER, PRESIDENT:

The board of canvassers of Wyoming county, on a recount
had at the instance of several candidates, voted for at the elec-
tion held on the third day of November, 1908, rejected 1820
ballots, all the ballots cast at ten precincts out of the twelve in
the county, because the signatures of the poll-clerks on the
backs thereof were indorsed with a pencil instead of in ink,
as provided by section 34 of chapter 3 of the Code, as amend-
ed by chapter 21 of the Acts of 1908. E. M. Senter, who
was a candidate for clerk of the circuit court of said county,
asks a peremptory *mandamus* to compel the counting of so
many of the rejected ballots as were cast for him.

The main question is whether the words "in ink" are man-
datory or directory, section 34, as amended, saying: "On
the back of the ballot shall be printed or stamped in black
ink the words 'Official Ballot,' with the date of the election,
and underneath shall be two blank lines, followed by the
words 'Poll Clerks.' On one of these lines each poll clerk
shall personally write his name in ink," and section 66 of
said chapter, providing that any ballot which is not endorsed
with the names of the poll clerks, as provided in the chapter,
shall be void and shall not be counted. In the case of *Kirk-
patrick* v. *Deegan*, 53 W. Va. 275, the requirement that the
poll clerks severally endorse the ballot, each in his own hand
writing, was held to be mandatory and ballots not so en-
dorsed were rejected. We held it necessary not only to have
the names of the poll clerks on the backs of the ballots, but
also to have them in their own hand writing, although the
statute did not then say each poll clerk should personally
write his name, the language being "each poll clerk shall
write his name." We interpreted this as if it had read "each
poll clerk shall personally write his name." Though the
hand writing related to the manner of signing, rather than
the fact of signing, we held it to be included within the man-
datory part, or operation, of the statute. After that decision,
the legislature amended the statute and made it read as above

quoted.   It conformed the statute in terms to the decision by saying "each poll clerk shall personally write his name," and then added the words "in ink." Naturally the first impression is that the legislative intention was to make the words "in ink" mandatory, since they relate to the mode of signing, as the hand writing does; but a moment's reflection brings to the mind a marked distinction between the function of the hand writing and that of the means by which it is impressed.   The purpose of the hand writing is to secure on every ballot two distinct marks of identification.   The hand writing is the same, whether in pencil or in ink.   Therefore, the identification by the hand writing does not depend upon the use of the pen.   This makes it clear that the use of ink is required as a means of preventing the destruction or alteration of the marks of identification.   The preservation of the signatures, after they have been made is subsidiary or secondary.   It is intended as a safeguard against alteration of that which is made part of the ballot, the signature.   We cannot say that everything in the clause quoted, containing the words "in ink," and pertaining to the manner of signing, is mandatory.   It says the signatures shall be on the lines provided therefor and under the printed words "Poll Clerks." It cannot be reasonably supposed that the writing of names elsewhere than on the lines or under the printed words would invalidate the ballot.   These provisions relate to the manner of signing as do the words "in ink."   They are less important than the words "in ink," and are intended to perform a different function, it is true, but none of these provisions are of the same dignity as the requirement of the hand writing, because it is the mark of identification.   The others relate to the place in which it shall be made and the means of preserving it.   We think this conclusion is in harmony with the decision in *Parvin* v. *Wimberg*, 130 Ind. 561, 30 Am. St. Rep. 254, holding as follows: "The statute requiring the clerks of election to indorse their initials upon the ballots is mandatory, but the requirement that the initials shall be indorsed in a particular place on the back of the ballot is directory merely.   A ballot indorsed at an improper place cannot therefore, for that reason only, be rejected."   This Court has never held, any provision of the election law mandatory unless it could see that the legislature necessarily intended it.

*Doll* v. *Bender*, 55 W. Va. 404. The courts universally hold that irregularities on the part of election officers do not deprive the voter of his voice in the election, unless the intention of the legislature to give it such effect is clear beyond doubt, and the regulation reasonable. We do not think the statute under consideration expresses such clear intent. Therefore, we hold the ballots good and award the writ prayed for.

*Mandamus Awarded.*