## C. FRANKLIN CARR vs. THE MAYOR AND COMMON COUNCIL OF HYATTSVILLE.

*Statutes; referendum clause; special election; directions as to wording of ballot; variation; effect of; intention of legislature. Acts of 1910, Ch. 305; streets of Hyattsville.*

The Acts of 1910, Chapter 305, repealed section 21 of the Acts of 1908, Chapter 79, of the Public Local Laws of Prince George's county, relating to the roadbed, sidewalks, etc., of Hyattsville, and re-enacted the same as sections 21 A, 21 B and 21 C; the statute declared that the act should not become effective unless ratified by the majority of the votes cast at a certain special election therein provided for, at which election the ballots were to have printed on them "For the Act to Improve the Streets" and "Against the Act to Improve the Streets". The ballots at the election were marked "For the Road Bill" and "Against the Road Bill". A majority of the votes cast were those marked "For the Road Bill", and the complainant, an abutting property owner on a street to be improved under the law, filed a bill for an injunction to restrain the Mayor, etc., from proceeding with the work on the ground that the law had not become effective. There was no allegation of fraud or of the voters having been misled or deceived, and no impeachment of the correctness of the election returns. *Held,* that the provisions in the law relating to the form of ballot were directory merely, and that the failure to follow strictly the prescribed form did not affect the validity of the election. p. 550

Whether the failure to follow strictly directions of this nature would render an election null and void depends on the intention of the legislature, manifested by the expressed declaration or by a condition of the general scope and policy of the act. p. 550

Where it appears that it was the intention of the legislature that a strict compliance with the provisions of the act should be a prerequisite or condition precedent to the validity of the election, a failure to observe them will avoid the election.

p. 550

*Decided April 19th, 1911.*

Appeal from the Circuit Court of Prince George's County (BEALL, J.).

Submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*Jackson H. Ralston, Frederick L. Siddons* and *Wm. E. Richardson* field a brief for the appellant.

*Vincent A. Sheehey* filed a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

By the Act of 1910, Chapter 305, section 21 of the Act of 1908, Chapter 79 of the Public Local Laws of Prince George's County was repealed and re-enacted as section 21 A, 21 B and 21 C. These sections, which were intended to be amendments to the Charter of Hyattsville, in Prince George's County, provided for the construction of side walks, curbs, gutters and road beds, and certain definite and quite full provisions were made by the Act for Street Improvement, for raising money for that purpose, and for the assessment of the cost of the work upon the abutting land.

By section 2 it was declared that the Act should have no force or effect "unless the same shall be approved by a majority of the votes cast at a special election to be held in the said Town of Hyattsville, and that the said special election shall be held at the same time and place as the election to be held in the said town on the first Monday in May, 1910, for Mayor and Common Council for said town, for which said special election ballots shall be prepared having printed

on them "For the Act to Improve the Street," and "Against the Act to Improve the Streets."

If at said election the majority of the votes cast shall be "For the Act to Improve the Streets," then and in that event the Act shall have full force and effect, or if, on the contrary, the majority of the votes cast shall be "Against the Act to Improve the Streets," then this Act shall be null and void."

The Act was submitted as provided to the voters of the Town of Hyattsville at the election held therein on the first Monday in May, 1910; but the ballots voted at that election had printed on them the words "For the road bill," and "Against the road bill" instead of the words "For the Act to Improve the Streets," and "Against the Act to Improve the Streets," as directed by the Act. The majority of the ballots cast at the election were marked "For the Road Bill," and, after canvassing the vote, the Mayor and Common Council declared the Act to be in full force and effect.

Acting under the power conferred by the Act, the Mayor and Common Council passed an ordinance for the improvement of the road bed of Spencer street, one of the streets of the municipal corporation, and also providing for notice to the owners of abutting property, and for the assessment for the cost of improvement against such property.

The appellant is the owner of fee simple lots abutting on the south side of Spencer street, in the Town of Hyattsville. He filed his bill of complaint in the Circuit Court for Prince George's County for an injunction to restrain the Mayor and Common Council from making any assessment against his property for the improvement of the road bed of Spencer street; and from enforcing any assessment against his property for that improvement, and for other and further relief.

After reciting the facts we have stated, the bill charges that the Mayor and Common Council of Hyattsville, against the objections of the appellant, "directed that Spencer street be forthwith macadamized, and that a notice of the intention of the Mayor and Common Council so to do be published in the two local papers, which action was taken, all of which

will more fully appear by reference to exhibit C hereto attached, and made a part hereof; that the said Mayor and Common Council are now proceeding to macadamize said Spencer street, and are threatening to levy an assessment for the cost thereof against the property abutting on said street, of which the plaintiff is the owner of three lots, as hereinbefore set forth; that they are further threatening that in the event that said assessment shall not be duly paid to cause the property of this petitioner to be sold in the same manner as taxes due the town of Hyattsville are enforced under the provisions of Chapter 79 of the Acts of the General Assembly of 1908, and that meanwhile such assessment constitutes an apparent lien and cloud upon the title of the plaintiff, and interferes with the beneficial enjoyment of his property."

The ground upon which the relief prayed for is asked is, that the Act under which the municipality is acting in improving the street has never become effective and operative, because the ballots cast at the election were not prepared in strict conformity to the requirements of its provisions. The defendant demurred to the whole bill. The lower Court sustained the demurrer and dismissed the bill, and from this ruling the plaintiff has brought this appeal.

It is not alleged that the voters were deceived, misled, or confused by the form of the ballot as actually prepared. Nor is there any charge of fraud against the voters or election officers. Nor is it claimed that the result of the election as declared by the Mayor and Common Council was not correct. Indeed, it may be taken as conceded that a majority of the votes cast at the election were marked "For the Road Bill," and that the election in all respects was fair. The simple and sole question in the case is this; did the preparation and voting of the ballots in the manner in which they were prepared and voted prevent the Act from becoming a valid and effective law? If so, it can only be because the provisions of the Act relating to the form of the ballot are mandatory and to be strictly observed. We do not think that

the form of the ballot as prepared was an essential departure
from the requirements of the Act, and it would seem to be
reasonably certain that the voters understood that they were
voting for or against the approval of this particular Act, and
did approve it by a majority vote.

The Court ought not to set aside their clearly expressed
will, unless required to do so by some imperative rule of
law. Mr. McCrary in his work on elections, section 190,
says: "If the statute expressly declares any particular act
to be essential to the validity of the election, or that its
omission shall render the election void, all Courts whose
duty it is to enforce such statute must so hold, whether
the particular act in question goes to the merits, or affects
the result of the election or not. Such a statute is impera-
tive, and all consideration touching its policy or impolicy
must be addressed to the Legislature. But if, as in most
cases, that statute simply provides that certain acts or things
shall be done within a particular time, or in a particular
manner, and does not declare that their performance is essen-
tial to the validity of the election, then they will be regarded
as mandatory if they do, and directory if they do not, affect
the actual merits of the election." The rule is thus stated
in *Pain on Elections,* section 498: "In general, those statu-
tory provisions which fix the day and the place of the elec-
tion and the qualification of the voters are substantial and
mandatory, while those which relate to the mode of pro-
cedure in the election, and to the record and return of the
results are formal and directory. Statutory provisions relat-
ing to elections are not mandatory, as to the people, by the
circumstance that the officers of the election are subjected
to a criminal liability for their violation. The rules pre-
scribed by the law for conducting an election are designed
chiefly to afford an opportunity for the free and fair exer-
cise of the elective franchise, to prevent illegal votes, and
to ascertain with certainty the result. Generally such rules
are directory, and not mandatory, and a departure from

the mode prescribed will not vitiate an election, if the irregularities do not deprive any legal voter of his vote, or admit an illegal vote, or cast an uncertainty on the result, and have not been occasioned by the agency of a party seeking to derive a benefit from them."

The rule stated by these authors appears to be adopted by the great majority of the Courts in this country, and in the light of these principles, we are of opinion that the provisions as to the form of the ballot to be used at the special election were merely directory, and that the failure to follow strictly the form prescribed did not affect the validity of the election. Whether the failure to follow strictly directions of this nature would render an election null and void must depend in all cases upon the intention of the Legislature. This intention may be manifested either by express declaration, or by a consideration of the general scope and policy of the act. Where it appears that it was the intention of the Legislature that a strict compliance with the provisions of the act should be prerequisite or condition precedent to the validity of the election, a failure to observe them will avoid the election.

The plain purpose of the Legislature was that this act should become effective if approved by a majority of the voters of the special election, and the object of providing the form of ballot was to ascertain the will of the majority of the voters on the question of its approval ,and since that majority did approve the act under the form of ballot used, which was substantially, but not strictly, in the words provided in the act, the will of the majority should not be set aside for any of the reasons stated in the bill. The voters undoubtedly knew they were voting upon the question of the approval or disapproval of the act, and having settled that question at a fair election the object which the Legislature had in view has been gratified, and the act should be held to be in full force and effect. This conclusion is supported by what appears to be the great weight of authority in the American

Courts.   The following are a few of the cases in which the principles stated have been recognized and applied: *Gass* v. *State,* 34 Ind. 425 ; *Barnes* v. *Pike County,* 51 Miss. 305 ; *Fry* v. *Booth,* 19 Ohio St. 25 ; *Tarbox* v. *Sughrue,* 36 Kan. 225 ; *DuBerry* v. *Nicholson,* 102 N. C. 465 ; *Wagoner* v. *Russel,* 34 Neb. 116 ; *People* v. *Cooke,* 34 Barb. 259 ; *Jones* v. *State,* 1 Kan. 274 ; *State ex rel Mize* v. *McElroy,* 16 L. R. A. 278.

The Legislature did not expressly declare that the use of the prescribed form of ballot was essential to the validity of the election, nor does it appear from any facts stated in the bill that the omission to use that form of ballot in any way affected the actual merits of the election.   The whole case made by the bill rests upon the *mere* mistake, or error in the preparation of the ballot, and for the reasons stated and upon the authorities cited the order appealed from will be affirmed.

*Order affirmed, with costs.*