CHARLES J. GRAF ET AL.

*vs.*

JOHN HISER ET AL.

*Election under Special Act—Qualifications of Voters—Invalid Notice—Equity Jurisdiction—Suit by Taxpayers— Election Contest.*

Where, in an act providing for the creation of a special taxing district, a referendum provision required the matter to be submitted to a vote of all residents of the district, of the age of twenty-one or upwards, possessing the qualifications of legally registered voters, who had resided six months in said district, the fact that a notice of the election, required by the act to be posted, stated that the creation of the district depended on its ratification by "a majority of the resident taxpayers," rendered the election a nullity, it appearing that the actual voting was conducted upon the basis of the qualifications named in the notice, and that such deviation from the statute had probably a decisive effect upon the result.      pp. 419-421

Equity has jurisdiction of a suit by taxpayers to restrain the exercise of any authority or power under an act providing for the creation of a special taxing district, upon the ground that an election sought to be held under a referendum provision in the act was not in compliance with its terms and was consequently a nullity, such a suit involving, not an election contest, but the prevention of expenditures under an act which, by reason of the non-performance of a condition requiring its approval at an election held in compliance with its terms, has not become operative and effective.      pp. 421, 422

Taxpayers may protect their interests, by a suit in equity for an injunction, against taxation under an invalid or ineffective law.      p. 423

*Decided January 9th, 1924.*

Appeal from the Circuit Court for Prince George's County, In Equity (BEALL, J.).

Bill by Charles J. Graf and others against John Hiser and others, individually and as the Edmonston District Citizens Committee, and the County Commissioners of Prince George's County, to restrain the exercise of any authority or power under a special act of assembly. From a decree dismissing the bill, plaintiffs appeal. Reversed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*T. Howard Duckett,* with whom was *Marion Duckett* on the brief, for the appellants.

*M. Hampton Magruder* and *S. Marvin Peach,* for the appellees.

URNER, J., delivered the opinion of the Court.

The General Assembly, by chapter 374 of the Acts of 1922, created a "special taxing district," to be known as the Edmonston District, in Prince George's County, subject to the approval of the qualified voters of the county residing within the limits of the district as defined in the act. It was the general design of the statute to provide for a special tax on property in the district, to be levied by the county commissioners, and to authorize the use by a district citizens' committee of the funds produced by the special tax, together with a proportion of the money realized from the county road tax, for sanitation, lighting, road improvement and other public purposes. The referendum section of the act provided for an election on the second Tuesday of April, 1922, to be conducted, and the result declared, by a committee of five persons named in the act, who were required to post a notice in five public places in the district, not less than

seven days before the election, informing "the residents of
said proposed district who are qualified under this act, that
there will be held on said day at a certain place and between
certain hours, an election to determine whether or not said
residents desire to create said special taxing district." It was
provided that "all residents of said proposed Edmonston Dis-
trict, of the age of twenty-one years or upwards, who shall
possess the qualifications of legally registered voters of this
State, and who shall have resided in said proposed district
for the space of six months next preceding the first Monday
in May in each year in which they seek to vote shall be
eligible to vote at such election, * * *"

A notice was posted by the committee appointed in the act
to the effect that an election would be held on Tuesday, April
11, 1922, between stated hours and at a designated place, "to
determine whether or not the residents of this community
desire to create a special taxing district to be known as 'The
Edmonston District' as provided for in an act passed by
the Maryland General Assembly during the session of 1922,
the creation of said 'The Edmonston District' being condi-
tioned upon the ratification of said act by a majority of the
resident taxpayers of the said district." In thus defining the
qualifications of those who would be allowed to participate
in the election, the notice adopted a materially different test
of eligibility from that prescribed by the statute. It was
the plain meaning of the notice actually posted that the fran-
chise should be limited to resident taxpayers, while the act
extended it to all who had the qualifications of "legally reg-
istered voters" and who had resided in the district for the
period mentioned. It was required by the act that the no-
tice should be addressed to the residents of the district who
were qualified to vote under its provisions. That require-
ment was not observed. According to the theory upon
which the notice was prepared, resident but unregistered tax-
payers were entitled to vote, while legally registered voters
who were not taxpayers were disqualified. The actual voting

in the election was conducted upon the basis of the unwarranted qualifications which the notice had described.

The failure of the election committee to give proper notice of the election, and to apply the provisions of the statute in regard to the qualifications of voters, was probably due to unfamiliarity with its precise terms, its enactment having been completed only a day before the time when the notice had to be posted. But the fact remains that there was a serious defect in the notice which the act made a prerequisite to the election at which the question of its ratification or rejection was to be submitted. Because there was not a substantial compliance with that essential condition precedent, and for other reasons, the present suit in equity by taxpayers of the district was instituted to the end that the organization of the district under the statute might be restrained, although the declared result of the election was in favor of the enactment. The evidence in the case proved the facts we have recited, and tended to show that the mistake of the committee in the preparation of the notice, and in the reception and exclusion of votes, had a probably decisive influence upon the election. The deviation from the terms of the statute was of such consequence as to fully justify the view that the election ought to be treated as a nullity. But this proceeding to that end is said to involve an election contest and to thus present an issue which a court of equity has not power to decide. This view was adopted by the lower court, and the other alleged grounds of relief being found insufficient, the bill of complaint was dismissed.

The only authority cited in support of the view that a court of equity has no jurisdiction to determine such a question as the one now under consideration is the decision of this Court in the case of *Hamilton* v. *Carroll,* 82 Md. 326. In that case there was a dispute as to the validity of an election held under a statute which referred to the voters of Charles County the question whether the county seat should be located at Chapel Point or La Plata. On the ground of al-

leged fraud in the election, a bill in equity was filed by tax-
payers to enjoin the issuance of bonds which the statute au-
thorized. It was held that a court of equity had no juris-
diction to decide such a controversy. There was no question
in that case as to the operation and effect of the act under
which the election was conducted. The contention was that
partisan methods had been employed by the election officials
and that the result of the election had not been correctly re-
turned. In this case a very different question is presented.
The inquiry here is whether an act of assembly has become
operative. According to its own terms it could take effect
only in the event that certain conditions were fulfilled. Those
conditions were that a specified notice should be given to the
qualified voters of the described district, that an election
should be held in pursuance of the notice, and that a ma-
jority of the votes cast at such election should be in favor
of making the act effective. The charge in this case is not
that the election was fraudulent or that the vote was not truly
returned, but that an important act which the statute re-
quired to precede the election, and without which it could
not be validly held, was not properly performed, and that
specific directions, as to the basis of voting eligibility upon
which the election was to be conducted, were not obeyed.

It is, therefore, not an election contest with which we now
have to deal, but a suit by taxpayers to prevent expenditures
under what is alleged to be an inoperative law. The com-
petency of equity jurisdiction to determine such a question
has been recognized by this Court in the cases of *Carr* v.
*Hyattsville,* 115 Md. 545, and *Seyboldt* v. *Mt. Ranier,* 130
Md. 69. In each of those cases a question, raised by bill in
equity, as to whether there had been a substantial compliance
with a provision in regard to a referendum election, for the
approval or rejection of a statute, was entertained and ad-
judicated. There is clearly sufficient reason for the exercise
of such a jurisdiction in the case presented by this record.
The only conclusion we are able to reach upon the facts here

alleged and proved is that the statute in dispute is not in force because the conditions under which it was to become effective have not been satisfied. The right of taxpayers to protect their interests by a suit in equity for an injunction against taxation under an invalid or ineffective law, is not open to question. *Dahler* v. *Washington Suburban Sanitary Commission,* 133 Md. 644; *Painter* v. *Mattfeldt,* 119 Md. 466.

It appears from the record that, in view of the pendency of this litigation, the citizens' district committee, formed under the statute, has not commenced to function. This fact will, fortunately, obviate inconveniences which might otherwise result from the decision we are obliged to render. The conclusion we have stated on the fundamental question in the case makes unnecessary a discussion of the other grounds upon which the validity of the act has been contested.

The case will be remanded in order that a decree may be passed restraining the defendants from proceeding to exercise the powers proposed to be conferred by the statute involved in this suit.

> *Decree reversed with costs and case remanded to the end that a decree may be passed in conformity with this opinion.*