J. ALFRED RIDGELY v. FRED W. WILSON, Town
Treasurer.

*Tax Election—Absence of Clerks—Disqualification of Voters—
Injunction Against Tax Sale—Averments of Bill.*

When a case is heard on bill and answer, the averments of
the answer will be taken as true.                          p. 576

The provision of Acts 1924, ch. 391, in reference to the hold-
ing of a special election in the town of Upper Marlboro, that
there shall be two clerks of election appointed by the town com-
missioners, is directory and not mandatory.              p. 576

In the absence of fraud, or incompetence or misconduct of the
persons acting as clerks, an election, otherwise regular and fair,
should not be avoided merely because the regularly appointed
clerks failed to attend.                              pp. 576, 577

In a bill to enjoin a sale for taxes, by reason of the invalidity
of the town election authorizing the taxes, a paragraph alleging
that some of the voters were disqualified, but not stating the
nature of the disqualification, the names of such voters, how
they voted, or that the result was affected by their votes, was
demurrable.                                          p. 577

*Decided January 13th, 1926.*

Appeal from the Circuit Court for Prince George's
County, In Equity (Mattingly, J.).

Bill by J. Alfred Ridgely, in behalf of himself and other
taxpayers, against Fred W. Wilson, Town Treasurer. From
a decree dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before Bond, C. J., Pattison,
Urner, Adkins, Offutt, Digges, Parke, and Walsh, JJ.

*J. Wilson Ryon* and *Adrian P. Fisher,* for the appellant.

*S. Marvin Peach* and *George B. Merrick,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The bill of complaint in this case is as follows:

· "To the Honorable, the Judges of said Court:

"The orator complaining says: That the plaintiff is a resident and taxpayer of Prince George's County, Maryland, and also a resident of the incorporated town of Upper Marlboro, and is over 21 years of age, and this complaint is made on his behalf and on behalf of all the taxpayers of said town.

"2nd.　That the town of Upper Marlboro was incorporated by the General Assembly of Maryland, Acts of 1902, chapter 123, as codified by chapter 22 of the Acts of 1912. The said town of Upper Marlboro has been a municipal corporation since the above mentioned act and that prior to 1924 it was never authorized to levy or collect tax, that by reason of an Act by the Legislature in 1924, chapter 391, entitled: 'An Act to add additional sections to the Code of Public Local Laws of Prince George's County, subtitled Upper Marlboro, an Act by chapter 123 of the Acts of 1902 as codified by chapter 122 of the Acts of 1912, add additional section to immediately follow section 610 of said code to be designated as Sections 610A to 610F, inclusive,' and that by reason of said act the town commissioners of Upper Marlboro caused to be held an election on the third Tuesday in June, 1924, to determine by a majority of voters, whether or not the town taxes allowed by the Acts of 1924 should be authorized; that three judges were appointed by the town commissioners of Upper Marlboro to hold such election, and that the majority of voters at said election appeared to determine that the town tax mentioned should be authorized, that the majority in favor of authorization of said taxes was one.

"3rd.　That chapter 391 of Acts of 1924 does not qualify the voters who were to pass upon the question of whether the town taxes should be authorized, but the Acts of 1902, chapter 123 set forth the qualification of voters of said town by reason of said section a person in order to vote in said town must own real

or personal property to the value of $300 located in said town or he must reside in said town or he must be engaged in a regular personal business in said town and in addition to the residential or business qualification set forth above, his name must appear on the assessment books of Prince George's County, of the year prior to that of the town election as owning real or personal property to the value of $200. Furthermore, he must have been qualified in one of the three ways mentioned above at least six months prior to the town election and otherwise qualified to vote for delegates to the General Assembly of Maryland, before it can be received at any town election.

"4th. That several of the voters who voted on the question of taxes for the town of Upper Marlboro, at the election called by the commissioners to be held on the third Tuesday aforesaid, were not qualified to vote in the above election and that by reason of said disqualification the election held as above mentioned was void and did not express the true sentiment of the majority of qualified voters of the town of Upper Marlboro.

"5th. That by virtue of and under authority of the above-mentioned void election the defendant, Fred W. Wilson, town treasurer, has advertised your orator's property for sale, said sale to be held on the 13th day of April, 1925, at 10:00 a. m., or so much thereof as will sell for an amount equal to taxes, interest and cost, amounting to $14, said advertisement was made in the February 5, 1925, issue of the Enquirer Gazette, a newspaper published in Prince George's County, and that it is the intention of the said defendant to offer for sale your orator's property for taxes, interest and cost.

"6th. That the judges appointed by the town commissioners of Upper Marlboro, to conduct above-mentioned election never qualified as judges at said election and that the town commissioners or the judges of said election never provided for clerks to hold said election and orator has not a complete adequate remedy at law.

"To the end therefor that the Fred W. Wilson, town treasurer, and his agents may be enjoined from selling your orator's property for taxes, interest and cost or for any other purpose.

"2nd. That an order be passed compelling Fred W. Wilson, town treasurer, the defendant, to be and appear in this court on a certain day named therein to show cause, if any, why an injunction should not be issued as prayed.

"3rd. That your orator may have such further relief as the case may require.

"May it please your Honor to grant unto your orator the writ of subpoena, directed to the said Fred W. Wilson, town treasurer, commmanding him to be and appear in the court some certain day to be named therein, and answer the premises and perform such decree as may be passed therein.

"And as in duty bound:

"J. Alfred Ridgely.

"Subscribed and sworn to before me this 27th day of February, 1926.

"J. Frank Hardy,

"(Notary Seal.)                    "Notary Public.

Upon this bill an order was passed requiring the defendant to show cause why an injunction should not be granted as prayed.

The answer of defendant is as follows:

"To the Honorable the Judges of said Court:

"Now comes the defendant, Fred W. Wilson, treasurer of the Town of Upper Marlboro, and for his answer to the bill of complaint of J. Alfred Ridgely in this court against him exhibited says:

"1. The defendant admits the allegations of paragraph No. 1 of the bill, except the allegation therein that the complaint is made 'on behalf of all the taxpayers of said town,' and the defendant says that at the filing of this answer, the plaintiff, J. Alfred Ridgely, is the only taxpayer of said town prosecuting this case, according to the record; and that all taxpayers

of said town have paid their town taxes, as levied, except the plaintiff and one other.

"2.   The defendant admits the allegations of paragraph No. 2 of the bill, except the allegation therein that the majority of voters at said election 'appeared to determine that the town tax mentioned should be authorized'; and this defendant says that the result of said election showed a majority of one vote in favor of the town tax voted on; and that at the conclusion of the count and canvass of the votes cast it was so announced by the judges of the election, of whom this plaintiff was one; and that a written canvass and return of said election in the usual form, was made by the three judges who conducted the election, and by the three town commissioners, one of the said judges being the plaintiff herein as aforesaid, and the defendant files with this answer a true copy of the tally sheet of said election showing said canvass and return and a true copy of the names of persons who voted, which he prays may be taken and considered as a part of this answer.   And defendant files herewith, as exhibits, a copy of the notice of said town election and an official ballot used.

"And further answering this paragraph, the defendant says that, pursuant to said election and in accordance with the provision of said act, the said town commissioners made a levy by ordinance of twenty (20) cents on the $100 of taxable property, being the maximum amount allowed by said act; and gave due notice of the same specifying that the funds received from said source would be used entirely for fire protection in said town of Upper Marlboro, and have some time ago duly contracted for the purchase of fire equipment for said town.   See Defendant's Exhibit 'Tax Ordinance,' filed as a part of this answer.

"3.   The defendant admits that the qualification of voters at said election is set forth in chapter 123 of the Acts of the General Assembly of Maryland of 1902, in section 313; but says that said qualification is not accurately set forth in paragraph No. 3 of the bill, but

is as follows, according to the words of the act itself, to wit:

" 'The qualifications of a voter at any election held under the provisions of this sub-title of this article shall be as follows; he must own real or personal property to the value of two hundred dollars, located in said town, or he must reside in said town, or he must be engaged in a regular permanent business in said town, and in addition to the residential or business qualifications, set forth above, his name must appear on the assessment books of Prince George's County of the year prior to that of the town election as owning real or personal property to the value of two hundred dollars. Furthermore, he must have been qualified in one of the three ways mentioned above for at least six months prior to the town election and otherwise qualified to vote for delegates to the general assembly of Maryland before his vote shall be received at any town election.'

"4. The defendant, in a separate pleading filed along with this answer, demurs to the paragraph No. 4 of the bill.

"5. The defendant admits that he has advertised the plaintiff's property for sale as alleged, and that said advertisement of sale is strictly in accordance with the law, as will appear by reference to the notice of sale from the Enquirer-Gazette newspaper herewith filed, and prayed to be taken and considered as a part of this answer.

"And the defendant denies that the election herein was 'void,' as alleged.

"6. The defendant answering so much of paragraph No. 6, of the bill as related to judges and clerks of election, says that the judges and clerks were qualified as required by said act; and that the judges and clerks were duly appointed ten days before the date of the election, and the plaintiff was one of the said judges, and the plaintiff and the other judges and the clerks were duly notified; and that the plaintiff acted as such judge of election and voted at said election also; and that the clerks did not appear at the election and none

other being available at the time, that two of the judges of election, to wit: the plaintiff, J. Alfred Ridgely, and William T. Davis acted as clerks of said election.

"And the defendant, in a separate pleading filed along with this answer, demurs to the latter part of this paragraph No. 6 of the bill.

"And further answering the bill, the defendant says that by an act of the General Assembly of Maryland of 1924, the board of county commissioners of said county were authorized to levy and pay over to the town commissioners of Upper Marlboro the sum of $600, but it was understood the said town commissioners would also levy and raise * * * taxes upon property in said town under the provisions of the charter of the town; and that the said county commissioners have already paid over to the town commissioners the said sum of $600 and the said town commissioners in good faith and pursuant to the charter provisions have proceeded to raise money by taxation for use of the town, which was the purpose of the election mentioned in the plaintiff's bill.

"And having answered the plaintiff's bill as fully as he is able to answer the same, the defendant prays that he may be hence dismissed with his reasonable costs.

"And the defendant further prays that he may have the benefit of this answer for the purpose of a demurrer under the provisions of General Equity Rules numbered eighteen and twenty."

The answer was sworn to, and with it were filed as exhibits: Copies of tally sheet and return signed by the election officers, including the appellant; and of the list of voters at said election, and of the published notice, and of the ballot, and of the ordinance, and of the levy, and of notice to tax payers, and of the advertisement of the sale of appellant's property.

Defendant demurred to the fourth paragraph of the bill of complaint and to the latter part of the sixth paragraph,

which alleged that plaintiff "has not a complete remedy at law."

The case was set down for hearing on bill, answer and demurrer. After argument and submission, it was "adjudged, ordered and decreed, that the injunction prayed for in the bill is denied; and the demurrer to the bill is sustained, and the bill is dismissed * * *." From that decree this appeal was taken.

There is no allegation of fraud, and the only charges of irregularities are contained in paragraphs 4 and 6 of the bill. The chancellor regarded the last paragraph of the answer as a demurrer to the whole bill and sustained the demurrer. But he also decreed that "the injunction prayed for in the bill be denied," thus passing on the merits of the case, as presented by the bill and answer.

Inasmuch as the case was heard on bill and answer, the averments of the answer will be taken as true. *Miller's Equity Proc.*, sec. 236. This disposes of the allegations in paragraph six of the bill, as the answer denies them.

It is true that, in answering paragraph six, the defendant admits that the clerks appointed by the town commissioners did not appear at the election; but avers that "none other being available at the time that two of the judges of election, to wit, the plaintiff, J. Alfred Ridgely, and William T. Davis, acted as clerks of said election."

The provision of the act for the appointment of clerks was not made a condition precedent to the validity of the election. It was a modal regulation merely, and is to be regarded as directory and not mandatory.

It can hardly be seriously contended that, in the absence of fraud, or incompetence or misconduct of the person acting as clerks, an election, otherwise regular, and fair, should be avoided merely because the regularly appointed clerks failed to attend. If so, any election might be made abortive by the wilful or unavoidable absence of a single clerk. *McCrary on Elections* (2nd Ed.), sec. 77.

As to modal regulations, see *Williams v. Broening,* 135 Md. 226, and authorities there cited. As to essentials of a valid election, see *Carr v. Hyattsville,* 115 Md. 545; *McCrary on Elections* (2nd Ed.), secs. 114, 127.

The fourth paragraph was clearly demurrable, and was specially demurred to. It is too indefinite and inconclusive to warrant a court in declaring an important election void, especially in a collateral proceeding. It fails to state in what the alleged disqualification consisted; how the alleged disqualified voters voted; that the result of the election was affected by their votes. *McCrary on Elections,* sec. 444. It fails to give the names of such voters, although, if the allegation be true, the names must have been known to the plaintiff.

It follows that there was no reversible error in the decree appealed from, even though, which we do not decide, there were technical error in sustaining a general demurrer to the bill.

As there was no suggestion by counsel, and it is not apparent from the record, that there is any provision in the charter of Upper Marlboro for a registration of voters, we have not dealt with the question of the failure of plaintiff to object at the proper time to the appearance of the names of the alleged unqualified voters on the registration lists, if there was such registration and they did so appear. Nor have we found it necessary to consider all of the objections argued by appellee, or which might be suggested.

*Decree affirmed, with costs to appellee.*