ALBERT G. FITZGERALD ET AL., SUPERVISORS OF ELECTIONS *v.* LORIE C. QUINN, JR.
[No. 101, October Term, 1930.]

544

*Decided October 15th, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS,. OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Randolph Barton, Jr.,* and *Eugene A. Edgett,* for the appellants.

*Isaac Lobe Straus* and *J. Owen Knotts,* with whom was. *Harry C. Dashiell* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

A first question in this case is whether the statutes of the state allow a review by the circuit court of a county of a decision by the board of supervisors of elections on a recount and recanvass, under section 217 of article 33 of the Code, of votes cast in a primary election.

Upon a petition to the board of supervisors of elections for Somerset County for a recount and recanvass of ballots cast in a primary election, certain ballots were rejected, and it is alleged that the appellee here would have been nominated for

state senator if those ballots had been counted, but as a result of the rejection was declared defeated for the nomination. In a petition by him to the circuit court for a writ of mandamus to compel the supervisors to count the rejected ballots, it was alleged that all the ballots at two polling paces had been rejected because some only had been improperly initialed by or for the judges of election. The answer of the supervisors conceded the ground of rejection in wrongful initialing of ballots, but denied that ballots other than those improperly initialed had been rejected, and alleged that, on the contrary, each individual ballot had been considered, examined, and acted upon, and that those rejected had been rejected for the improper initialing. A demurrer was filed to this answer, and duly argued; and, by an order passed upon the case presented on the face of the petition without denial in the answer, as the circuit court found, it was held that the rejection of the entire lot of ballots cast at the two polling places was an improper, arbitrary proceeding, and the court issued its writ ordering that the supervisors recount and recanvass the whole. The order appears to have taken it as settled upon the allegation of the petition, without denial in the answer, that there had been a rejection of the whole for supposed defects in some ballots. But, as has been stated, the answer, as this court reads it, denied rejection of ballots other than those found wrongly initialed, and the only fact conceded and so settled for the court upon the face of the papers was this one fact, that ballots initialed in the supposed wrongful manner had been rejected. And if that is true, this is the only fact upon which the judgment might be asked on the papers alone. Rejection of more ballots than those initialed as described was a controverted fact, to be settled only by proof, which has not been taken. *Moore v. Bay,* 149 Md. 286, 289. The question now presented for decision, therefore, is whether the trial court should have disregarded as insufficient the answer so explaining the rejection of ballots, and have ordered the supervisors to count ballots initialed in the manner complained of.

By Code, art. 33, secs. 200 and 75, it is provided that, in

a primary election, as well as in a general election, the judge of election holding the ballots at a polling place, having first written in ink the voter's name and number upon the coupon attached, shall deliver a ballot to each voter, "after having likewise written in ink his own name or initials upon the back thereof, and the two clerks of election shall at the same time enter the name of the voter upon their poll books." And by section 80 it is provided that "any ballots which do not have endorsed thereon the name or initial of the judge who held the ballots" shall be rejected on the subsequent counting to determine the results of the election. It is alleged in the petition, and conceded by the answer, that in a Democratic primary election held on September 8th, 1930, in Somerset County, ballots cast in Smith's Island Election District, No. 10, were marked with the initials, not of a judge of election, but of one of the clerks, and that ballots cast in Crisfield Election District No. 7, Precinct No. 1, were marked with the initials of one of the judges, but marked by a son of the judge, who was not an election official but was attempting to perform his father's duties as a substitute, and that the ballots initialed as described at each polling place were rejected by the supervisors on the recount because they were not initialed by the judges as required by the letter of the statutes.

Before the year 1912, there was no right of review, anywhere, of the count of ballots at a primary election. *Foxwell v. Beck,* 117 Md. 1. The Act of 1912, ch. 2, sec. 160Y, now article 33, section 217, of the Code, under which the present petition for review has been filed, established a scheme for review of the supervisors. By it, the board is given "jurisdiction and power to hear and determine said appeals; to review and correct the action of the judges of election in their respective jurisdictions and to recanvass, recount and certify said result of said primary election." The review, recount and recanvass are to be had with all possible expedition and dispatch, the supervisors sitting every day from 9 o'clock in the morning until 5 in the afternoon until the work is completed. And upon completion they are to correct the returns and give to the person so found to be nominated a new cer-

tificate of nomination in conformity with the result of their recount and recanvass. There is no mention in that section of further resort to a circuit court for review and correction, with a right of appeal, and the provisions cited evidently contemplate a final determination by the decision of the supervisors as prescribed. And this court, in *White v. Laird,* 127 Md. 120, held that the decision of the supervisors under this statute, on a question of compliance with statutory directions for marking ballots, was not reviewable in the circuit court upon a petition for a writ of mandamus. It has been pointed out that here, as in that case, no mere arbitrary action by the supervisors is shown on the face of the papers, no failure of the supervisors to function and to render the decision which the statute calls for. To repeat, the allegation in the petition of failure of the supervisors to count or inspect some of the ballots because others were found to be improperly initialed has not been established in this case by concession or proof, but has been denied. The only action to be considered is a determination by the supervisors that the legislative directions should be adhered to with respect to ballots initialed as described. The necessity of decisive action by some competent tribunal, on disputes on the count of ballots, immediately after the election, is manifest of itself, and is emphasized in the statutory provisions here for the sittings. And we see no ground on which the courts can add a right of further review. This court therefore holds that, from the decision of the supervisors giving effect to the statutory requirement of initialing by the judges, there was no right of review in the circuit court, and that on the case before it there was no power in the court to issue a writ of mandamus to compel another count. The order passed was, in the opinion of this court, erroneous. The petition below should have been dismissed, or proof should have been taken on the allegation that ballots were rejected without inspection because of defective initialing of other ballots.

*Order reversed, the costs to be paid by the appellee.*

---

Urner, Adkins, and Sloan, JJ., dissent.