## DUDLEY G. ROE *v.* CHARLES H. WIER, JR., SUPERVISORS OF ELECTIONS, ET AL.

[No. 79, October Term, 1942.]

*Decided October 14, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, FORSYTHE, MABRURY, and GRASON, JJ.

*V. Calvin Trice* for the appellant.

*Levin C. Bailey* for the appellee Board of Supervisors of Election.

*Curtis W. Long* for the appellee David J. Ward.

FORSYTHE, J., delivered the opinion of the Court.

The appellant, Dudley G. Roe, and the appellees, David J. Ward and Leon Asa Andrus, were duly qualified candidates in the primary election held on September 8, 1942, for the nomination by the Democratic Party for the office of member of the House of Representatives in the Congress of the United States from the First Congressional District of Maryland.

After the official count by the judges of election of the votes cast in the Sixth Election District of Wicomico County, one of the counties comprised in the First Congressional District of Maryland, and after the official canvass of the votes by the Board of Supervisors of Election, sitting as a board of canvassers, it appeared that Mr. Ward had received a plurality of the votes cast, and therefore was declared the nominee and the candidate whose name should appear in the ballots to be voted in the general election to be held on November 3, 1942.

After the official declaration of the nomination of Mr. Ward, Mr. Roe, within the time prescribed by the statute, Article 33, Section 255, of the Code of Public General Laws of Maryland, filed a petition with the Board of Supervisors of Election of Wicomico County for an appeal from, and a rewiev of, the action and decision of the judges of election in counting the ballots cast in the Sixth Election District of Wicomico County. That petition asked for a recount and recanvass of the ballots cast in said Sixth District.

The Board of Supervisors, sitting for the purpose of reviewing and recounting said ballots, under the authority and duty imposed upon them by the above mentioned statute, proceeded to recount and recanvass the ballots cast in the said primary election for the appellant, and for the appellees Ward and Andrus. The result of that recount and recanvass was as above stated. Thereupon Mr. Roe filed in the Circuit Court for Wicomico County a petition for a mandamus to compel the Board of Supervisors to reject 138 Democratic ballots, 99 of which had been counted for Mr. Ward and 26 for Mr. Roe.

It was alleged in the petition that the said 138 ballots were "erroneously and mistakenly counted" both by the judges of election, and on the review and recount, by the Board of Supervisors.

The particular objection to the ballots, as set out in the petition, is "that the judge of election in said primary, in the said Sixth District holding the ballots and giving them to each voter voting in said district, did not write, in ink, his name or initals upon the back, or elsewhere on any of said ballots, as required by Section 110 of Article 33 of the Code of Public General Laws of Maryland."

The Circuit Court for Wicomico County, after hearing, dismissed appellant's petition for mandamus, and it is from that action of the court that this appeal was taken.

From the pleadings, it appears that the judge of election holding the ballots placed his initials on the ballots

in question with an indelible pencil, and the sole contention of the appellant is that those ballots were invalid because ink was not used. The petition does not charge fraud, arbitrary conduct or any other wrongful acts on the part of the judges of election or the supervisors. The charge simply is that the objectionable ballots were "erroneously and mistakenly" counted.

The provision of the statute, Article 33, Section 255, under which the appeal was filed to the Board of Supervisors for a recount, and review of the action of the judges of election, is that the Board of Supervisors are "given jurisdiction and power to hear and determine * * * to review and correct the action of the judges of election in their respective jurisdictions and to recanvass, recount and certify said result of said primary election. And for all other purposes of said review, recount, recanvass * * *, the said Supervisors of Elections shall act and be judges of election for counting said ballots acting as such in the premises within their respective geographical jurisdictions. * * * The said supervisors to pass upon and decide whether any ballot contested by the teller for either side shall be rejected or counted."

The first question presented by this appeal is whether courts have jurisdiction to entertain appeals from the action of Supervisors of Election in reviewing and recounting ballots.

In considering that question this court definitely decided in *White v. Laird,* 127 Md. 120, 96 A. 318, that Supervisors of Election, when required to exercise judgment and discretion in the discharge of their duties when sitting for a recount of ballots, act in a *quasi* judicial capacity, that their duties are not merely ministerial. They are required by the statute to pass upon and decide whether any contested ballot shall be counted or rejected. In that case the court was dealing with the precise question now before us. There, the ballots objected to were marked with a black pencil, instead of with an indelible pencil, as by law required. In the instant case the ballots were contested because they were initialed with an

indelible pencil, instead of with ink, as stipulated by the present statute.

The supervisors decided that they were valid, and the petition charges that this was a mistake and an error.

Clearly, and unquestionably, that was a matter entirely for the exercise of their judgment and determination, and having exercised that judgment and determination, in the absence of any charge of fraud, or arbitrary conduct on the part of the Board of Supervisors, their conclusion to accept, and count as valid ballots, those initialed with an indelible pencil, is not a subject for review by the courts. Courts are not empowered to substitute their judgment for that of the Board of Supervisors. *White v. Laird, supra.*

In *Fitzgerald v. Quinn,* 159 Md. 543, 151 A. 660, in dealing with a case of alleged improperly initialed ballots, we held that where fraud, or mere arbitrary action by the Board of Supervisors, is not shown on the face of the papers, and no failure of the supervisors to function and to render the decision which the statute calls for, appears, the court has no right to review, and no power to issue a writ of mandamus. *Coulehan v. White,* 95 Md. 703, 53 A. 786; *Carr v. Hyattsville,* 115 Md. 545, 549, 81 A. 8.

We therefore hold that from the decision of the Board of Supervisors of Election of Wicomico County in regard to the statutory requirement of initialing ballots by the judge of election, there was no right of appeal to the Circuit Court, and its dismissal of the appellant's petition for a writ of mandamus must be affirmed.

The question of the correctness of the decision of the Board of Supervisors in regard to the initialing of ballots with indelible pencil, and not with ink, being one of wide public interest, we are constrained to say that in the opinion of this court the decision of the Board of Supervisors in this case was correct. In addition to the authorities above cited, see: *Senter v. Board of Canvassers,* 64 W. Va. 499, 63 S. E. 284; *Jones v. State,* 153 Ind. 440, 55 N. E. 229; *Parvin v. Wimberg,* 130 Ind.

561, 30 N. E. 790; *Hehl v. Guion,* 155 Mo. 76, 55 S. W. 1024; *Hope v. Flentge,* 140 Mo. 390, 41 S. W. 1002; 47 *L. R. A.* 806, and annotation.

*Order affirmed, with costs.*