LEXINGTON PARK VOLUNTEER FIRE DE-
PARTMENT, INC. *v.* ROBIDOUX *et al.*

[No. 34, September Term, 1958.]

196

*Decided November 18, 1958.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

*Arthur L. Rysticken* and *Joseph D. Weiner* for the appellant.

*John H. T. Briscoe* for the appellees.

Hammond, J., delivered the opinion of the Court.

The 1957 Legislature, by Chap. 759 of the Acts of that year, authorized the levy of a special fire tax for the support of local fire companies in the Second, Eighth and Ninth Election Districts of St. Mary's County (and in any of such other districts as the County Commissioners should thereafter select), provided a majority of the voters of a district approved the levy. The act specified that on a day in August of 1957 to be set by the Commissioners, the question of the levy should be submitted to the voters of the Second, Eighth and Ninth Districts. At the election held on August 20, a majority of the voters of the Second and Ninth Districts disapproved the tax. In the Eighth District, three hundred seven voted for, and two hundred fifteen voted against, its imposition. Soon thereafter, six taxpayers of the Eighth District filed a bill praying that Chap. 759 of the Laws of 1957 be declared unconstitutional and that the Commissioners be enjoined from levying the tax in the Eighth District under

the proposed law. The bill alleged that (a) the subjects covered in the act were not adequately described in its title, (b) the notices of the special election required by Code, 1957, Art. 33, Sec. 12, were not specific and definite enough to give proper notice, (c) the ballot used at the special election in the Eighth District did not have printed upon it the title of the act as specifically required by the provisions of the act (as recognized and permitted by Code, 1957, Art. 33, Sec. 94), and (d) the provisions of the act are vague and discriminatory and the levying of the tax would violate the Fourteenth Amendment of the Constitution of the United States.

A hearing was held at which it was shown that the holding of the election was advertised by three insertions in two local newspapers before the date of the election, that in both local newspapers there were editorials and articles on the subject, that there were letters to the editor pro and con, that there were paid advertisements for the tax and against it, that there were radio advertisements and discussions for and against the tax, and that five hundred fifty-two voters appeared at the polls in the Eighth District for the sole purpose of voting for or against the bill, as compared to an average of approximately six hundred sixty-five who voted in the district on constitutional amendments and referenda in the 1956 presidential election. Judges Gray, Dorsey and Digges, who heard the case, concluded that the title of the act was adequate, that the notice of election was sufficient, and that the argument as to the vagueness and denial of due process was without substantial merit, but held the special election invalid because the ballots used did not have printed on them the title of the act. In this Court the grounds of objection to the validity of the act, which are pressed, are that the title was not sufficient and definite, that the notice of election was insufficient, and that the ballots were illegal.

The title of the act is as follows: "AN ACT to add SIX new sections to Article 19 of the Code of Public Local Laws of Maryland (1930 Edition), title 'St. Mary's County', said new sections to be known as 77B to 77G, inclusive, to follow immediately after Section 77A of said Article, said sections

being added by Chapter 241 of the Acts of 1935 and amended by Chapter 466 of the Acts of 1937, and to be under the new sub-title 'Fire Tax', relating to the levy of a special fire tax in St. Mary's County and providing for a referendum thereto." It is urged that since the title refers to all of St. Mary's County and only three districts are immediately affected, the title is both misleading and inadequate. We read all the provisions of the act as germane and having reference to the subject described in the title. The act in terms applies to all of St. Mary's County as the title says; if it applied to only three districts, the title would not mislead under the reasoning of *Neuenschwander v. Washington Suburban Sanitary Commission*, 187 Md. 67, 80, and cases cited therein, since the title would be "broader than the body." We think the title meets the test articulated in *McGlaughlin v. Warfield*, 180 Md. 75, 78, in that it fairly advised "the General Assembly, and the public, of the real nature, and subject matter, of the legislation sought to be accomplished * * *."

We see no substance to the argument that the notice of the election was insufficient. We have described the wide publicity that was given the act and the forthcoming referendum. The official notices required by Code, 1957, Art. 33, Sec. 167, were duly published in the newspapers more than the number of times specifically required. The advertisements gave notice to the qualified voters of the Second, Eighth and Ninth Districts that a special election would be held in those districts for the adoption or rejection of the fire tax provided for by the Act of the General Assembly of 1957, referred to in the notice as "St. Mary's County House Bill No. 121—Subtitle Fire Tax Referendum". Although the reference to the act was inartificial, we think, for the reasons given next in regard to the sufficiency of the ballots, that deficiencies in the text of the notice did not suffice to invalidate the election.

We turn to the sufficiency of the legend used on the ballot. Code, 1957, Art. 33, Sec. 94 (i), provides that in the case of constitutional amendments and other questions to be submitted to the people at any election, it is sufficient to print on the ballot the legislative title or a brief summary of either the contents or purpose of the proposed amendment or ref-

erendum "unless the act proposing the constitutional amendment or other question specifically provides the ballot title to be used." Chapter 759 of the Acts of 1957 provided that "There shall be printed on the ballot to be used at said election the title of this Act and underneath said title, on separate lines, a square or box to the right of and opposite with the words 'For Fire Tax', and a corresponding square or box to the right of and opposite the words 'Against Fire Tax', so that the voters shall be able to designate by a cross-mark in the proper square or box his or her decision for or against said fire tax." The supervisors of election did not print the title of the act on the ballot but substituted the words "Fire Tax Referendum", but otherwise followed the directions of the act, putting opposite the boxes in which cross-marks were to be placed the words "For Fire Tax" and "Against Fire Tax". We think that the course followed in the preparation of the ballots was a substantial compliance with the statutory provisions and that failure to follow strictly the prescribed directions did not affect the validity of the election. It is generally held that an election which has been honestly and fairly conducted will not be vitiated by mere failure to follow the statute precisely unless the result is shown to have been affected or the statute expressly states that such failure renders the election void. After the election is held, statutes giving direction as to the mode and manner of conducting it are generally construed as directory, unless the deviation from the prescribed forms of the law had so vital an influence as probably to have prevented a free and full expression of the popular will. The courts reason that it would be unjustifiable to defeat the expressed will of the electorate if the irregularity did not frustrate or tend to prevent a free expression of the electors' intention or otherwise mislead them.[1]

---

1. McQuillin, *Municipal Corporations,* 3rd Ed., Vol. 3, Secs. 12.10-12.14, Vol. 15, Sec. 40.14; 29 C. J. S., *Elections,* Secs. 170, 173; 18 Am. Jur., *Elections,* Sec. 180; *Oncken v. Ewing* (Pa.), 8 A. 2d 402; *State v. Kelly* (Wisc.), 143 N. W. 153; *Jaeger v. City of Hillsboro* (Kan.), 190 P. 2d 420, 424; *Hill v. Milander* (Supreme Ct. of

This Court has adopted the reasoning and reached the result of courts in other states. In *Carr v. Hyattsville,* 115 Md. 545, the act directed that the ballots should have printed on them "For the Act to Improve the Streets" and "Against the Act to Improve the Streets". The ballots actually read "For the Road Bill" and "Against the Road Bill". The Court said the voters undoubtedly knew they were voting on the approval or disapproval of the act and, having settled that question at a fair election, the object which the legislature had in view had been gratified and the act should be held in full force and effect, and added: "The Legislature did not expressly declare that the use of the prescribed form of ballot was essential to the validity of the election, nor does it appear from any facts stated in the bill that the omission to use that form of ballot in any way affected the actual merits of the election." All that was said in the *Carr* case can be said of the case before us. Most of the words in the title of Chapter 759 had reference to its proposed and previous codification. The heart of the title was contained in these words: "* * * relating to the levy of a special fire tax in St. Mary's County and providing for a referendum thereto". Printed on the ballot was the essence of the heart of the title, namely, "Fire Tax Referendum" and the words for or against "the Fire Tax". We think it is clear that the voters of the Eighth Election District of St. Mary's County knew what they were voting for or against and that the failure to follow strictly the direction of the act in the preparation of the ballot had no effect upon the fairness or the result of the election. The law set forth and relied on in the *Carr* case has been cited with approval in the following Maryland cases: *Seyboldt v. Mayor & City Council of Mt. Ranier,* 130 Md. 69; *Soper v. Jones,* 171 Md. 643, 648; *Hammond v. Love,* 187 Md. 138, 145; *Smith v. Hackett,* 129 Md. 73; *Wilkinson v. Mc-Gill,* 192 Md. 387, 393, *et seq.*

Fla. en banc), 72 So. 2d 796; *Spano v. City of Middletown* (Misc.), 7 N. Y. S. 2d 14; *Sisco v. Caudle* (Ark.), 198 S. W. 2d 992; *City of Tulsa v. Williamson* (Okla.), 276 P. 2d 209; *State v. Beidleman* (Ohio), 121 N. E. 2d 561.

The conclusions we have reached require that the decree appealed from be reversed and the bill dismissed.

*Decree reversed, bill dismissed, with costs.*