JOSEPH ABRAMSON *v.* STATE OF MARYLAND
[No. 20, October Term, 1934.]

532

*Decided November 21st, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*William C. Purnell,* for the appellant.

*G. C. A. Anderson, Assistant Attorney General,* with whom were *Wm. Preston Lane, Jr., Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

SLOAN, J., delivered the opinion of the Court.

This appeal is from a judgment against the defendant for the violation of the provision of article 2B of the Code, Acts of 1933 (Ex. Sess.) ch. 2, forbidding a class D licensee to have untaxed liquor in his possession.

The indictment charges in the first count that Joseph Abramson, the defendant, "did unlawfully have in possession and permit to be kept upon the aforesaid premises, (No. 1634 Chesapeake Avenue, Baltimore,) certain distilled spirits and liquors and other alcoholic beverages containing more than fourteen percentage of alcohol upon which * * * the tax as prescribed by law had not theretofore been paid," and in the second count that he "did sell and offer for sale" such distilled spirits, liquors, and alcoholic beverages "to a certain person to the jurors unknown." The defendant specially pleaded to the in-

dictment, saying "That the liquor mentioned in the indictment was delivered into his possession several years before the enactment of Article 2B * * * and that the same is not therefore subject to the tax imposed by that Act," to which the State demurred, and so is presented the question of the construction of as much of section 40 as provides that "Any retail dealer, and every retail dealer and every employee of any such retail dealer who shall have in his possession, sell or offer for sale, or permit to be kept upon the premises, any alcoholic beverages subject to the tax imposed by this Act, upon which the tax has not been paid * * * shall, upon conviction, be subject to a fine" or imprisonment or both.

The question then, as raised by the special plea, the demurrer to which was sustained, is whether the statute applies to a licensee who has liquor on his premises the tax upon which, imposed by section 37, has not been paid. *Spielman v. State*, 27 Md. 520; *Cearfoss v. State*, 42 Md. 403; *Salfner v. State*, 84 Md. 299, 35 A. 885, and *Burroughs Adding Machine Co. v. State*, 146 Md. 192, 126 A. 127.

The offense charged is statutory, and the general rule that the indictment is sufficient if it follows the language of the statute has been here followed. *Minchner v. State*, 66 Md. 227, 234, 7 A. 451; *Bosco v. State*, 157 Md. 407, 409, 146 A. 238; *Wentz v. State*, 159 Md. 161, 150 A. 278.

The defendant argues that to forbid a licensee to have in his possession on licensed premises liquor or alcoholic beverages, acquired before passage of the statute, is to give the liquor law of 1933 a retroactive effect which the Legislature did not intend. We see no need to discuss this feature of the case, nor the application of any of the authorities cited. The Legislature, by section 19 of the Act of 1933 (Ex. Sess.), says that "Licenses issued under the provisions of this Act shall not be regarded as property or as conferring any property rights. All such licenses shall be subject to suspension, restriction or revocation, and to all rules and regulations that may be adopted as herein provided." A liquor license, by the

terms of this act, is a privilege to be granted, withheld, or withdrawn, on such terms and conditions as the Legislature may prescribe, and one of those conditions is that every retail dealer (licensee), and every employee of any such retail dealer, who shall have in his possession, sell, or offer for sale, or permit to be kept upon his premises, any alcoholic beverages subject to the tax imposed by this act, upon which the tax has not been paid, shall be subject to punishment. The State further, in order to assure the collection of the excise taxes imposed by this act, by section 25 forbids any retailers except class E (steamboats) and class F (railroads) to "purchase any alcoholic beverages except from a duly licensed manufacturer or wholesaler under the provisions of this Act, or in the case of beer, from the holder of a Class A beer license, and no retail dealer shall at any time keep or permit to be kept upon the licensed premises any alcoholic beverages except those so purchased," for the violation of which the retailer's license may be revoked or suspended under the provisions of section 42. To still further assure the State that no illegal or untaxed liquor is to be dispensed or sold by a licensee, there must be a statement filed with or accompanying the application for license "duly executed and acknowledged by the owner" authorizing certain named officers "to inspect and search, without warrant, the premises upon which the business is to be conducted, and any and all parts of the building in which said business is to be conducted, at any and all hours." Section 5.

A licensee, under the Act of December, 1933, is only entitled to exercise the privileges conferred by the license so long as he observes and keeps its conditions as prescribed by the act, and for his failure so to do he subjects himself to the penalties of the law. In this case, the condition violated was the possession of untaxed liquor under section 40, and, the indictment being in the language of this section, is good, and the judgment must be sustained.

*Judgment affirmed, with costs.*