FRANK J. FEDERICO, JR. *v.* FRANK P. BRATTEN, ET AL., STATE LICENSE BUREAU

[No. 37, January Term, 1943.]

*Decided March 17, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, and MELVIN, JJ.

*Hillary W. Gans* for the appellant.

*Hall Hammond, Deputy Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for the appellees.

SLOAN, C. J., delivered the opinion of the Court.

The appellant, Frank J. Federico, Jr., had a license for beer, wine and liquor business, at the northeast corner of Caroline and McElderry Streets in Baltimore City, where he had been conducting such a business for five years. For two years prior to that his brother, Philip Federico, had run the place. A protest had been filed against the issuance of the license with the Board of Liquor License Commissioners of Baltimore City for the license year beginning May 1, 1942, and after a hearing the license was granted. The protestants took an appeal to the State License Bureau, under Section 63, Article 2B of the Code of Public General Laws, Acts of 1933, Special Session, Chap. 2, Sec. 48, by which it is provided that every such appeal shall be heard *de novo.* The State License Bureau reversed the action of the Liquor License Commissioners. There is no provision for an appeal from the License Bureau; it is the appellate tribunal, and its action is final (*West v. Musgrave,* 154 Md. 40, 139 A. 551), and there can be no recourse to the courts unless the action of the administrative board officials is arbitrary, fraudulent or collusive, and the parties or either of them denied a hearing, or the consideration of essential facts. *Weer v. Page,* 155 Md. 86, 94, 95, 141 A. 518; *Fitzgerald v. Quinn,* 159 Md. 543, 151 A. 660; *Fuller Co. v. Elderkin,* 160 Md. 660, 154 A. 548; *White v. Laird,* 127 Md. 120, 96 A. 318; *Maryland Pavement Co. v. Mahool,* 110 Md. 397, 72 A. 833; *Fooks v. Purnell,* 101 Md. 621, 61 A. 582; *McCrea v. Roberts,* 89 Md. 238, 43 A. 39.

The applicant, appellant, then filed a bill in the Circuit Court of Baltimore City praying:

"a. That the action of the State License Bureau in reversing the decision of the Board of Liquor License Com-

missioners of Baltimore City be vacated, set aside and declared unreasonable and unlawful.

"b. That this court declare invalid and of no effect the rule of said State License Bureau providing for a refusal of a renewal license when the applicant's business is within 300 feet of a church or school.

"c. That this court determine for what causes under Article 2B the State License Bureau is authorized to refuse to renew a license.

"d. That the matter of the appeal from the decision of the Board of Liquor License Commissioners of Baltimore City be referred back to said Bureau to grant a hearing thereon and to receive at such hearing any evidence offered by the protestants on the license which may be relevant to the matter before them.

"e. That a preliminary injunction may be issued." And for general relief.

The first two, or "a" and "b" prayers may be considered together.

It seems that the Board of Liquor License Commissioners adopted rules for the conduct and control of saloons and restaurants under the authority of Section 50 of the Acts of 1933, Spec. Sess., Code, Art. 2B, Sec. 86, one of which was that no licenses should be granted for a business to be located within 200 feet of a church or school. This rule was changed by the License Bureau to 300 feet. It was admitted by the applicant at the hearing before the Bureau that his saloon was less than 300 feet from a church, from which the protest came. Then and there the hearing stopped. If this is a valid rule or regulation, there was nothing further to be done, and because of the existence of this rule or regulation, if valid, the applicant was not entitled to a renewal of his license. The Act of 1933 expressly provides that a liquor license is not a property right, but a privilege, so that he would not be deprived of a constitutional right by the refusal of the Board or the Bureau.

The adoption and enforcement of this rule is a prohibition. It might be so extended as to prohibit the granting of licenses anywhere, when the purpose and intent of the Act was that they be issued to fit persons for proper places. The words "regulate" and "prohibit" have different meanings. In re *Hauck,* 70 Mich., 396, 38 N. W. 269, 275, it was held that the regulation of the sale of liquor implies that the business may go on subject to established rules or methods. *Miller v. Jones,* 80 Ala. 89, 96; *Bronson v. Oberlin,* 41 Ohio St. 476, 483, 52 *Am. Rep.* 90. To "prohibit" the liquor traffic applies, fully and completely as to a State or any given part of it, while to "regulate" means that it may be conducted within the bounds of certain prescribed rules, restrictions and limitations. *Ajax v. Gregory,* 177 Wash.. 465, 32 P. 2d 560, 563.

It is not contended, nor could it be, that the Legislature could not impose such a restriction or prohibition, but an administrative board under a rule making power cannot, and the whole action of the License Bureau was predicated on this rule. We must, therefore, hold that there was no such hearing before the License Bureau, as the law requires it to give. *Weer v. Page, supra.*

The applicant also by the third (c) prayer asks the Circuit Court and now this court to determine for what causes the License Bureau may refuse to renew a license. The Legislature fixes the standards whereby an application may be refused, and in the exercise of it the discretion vests first in the Board of Liquor License Commissioners under Section 16, Article 2B of the Code, Acts of 1933, Spec. Sess., Chap. 2, Sec. 6. Where it is said, that if at the hearing of protests "it shall appear that more than fifty per cent. (50%) in number of the owners of real or leasehold property situated within 200 feet of the place of business for which application is made are opposed to the granting of the license, or if the Board of Liquor License Commissioners for said city or any county determines that the granting of the license

is not necessary for the accommodation of the public or that the applicant is not a fit person to receive the license applied for, or has made a material false statement in his application, or has practiced fraud in connection with said application, or that the operation of the business, if the license is granted, will unduly disturb the peace of the residents of the neighborhood in which the place of business is located or that there are other reasons, in the discretion of the Board, why the license should not be issued, then the application shall be disapproved and the license applied for shall be refused."

These are the causes which the Legislature has prescribed for the refusal of a liquor license by the Board, and, as the License Bureau, on appeal, Code, Art. 2B, Sec. 63, Acts of 1933, Spec. Sess., Chap. 2, Sec. 48, shall hear the case *de novo*, it must be guided by the same statutory rules and regulations as the License Board in the first instance. Whatever of discretion there is, is vested in the Board and the Bureau, and the courts cannot pass upon the merits of the application, and cannot exercise the discretion which the Legislature says belongs to these two administrative agencies, and their "conclusions, even if mistaken, are not reviewable by the courts," when there is no "taint of fraudulent, collusive, or arbitrary conduct." *Fuller Co. v. Elderkin,* 160 Md. 660, 668, 669, 154 A. 548, 552.

By the fourth (d) prayer of the bill, the plaintiff asks that the matter be referred back to the State License Bureau for a rehearing, because it appears from the record that the action of the License Bureau was based solely on its 300-foot rule, which we hold to be invalid. As nothing else was considered, the decree dismissing the bill will be reversed, and the case remanded that an order be passed referring the matter of the appeal back to the State License Bureau for rehearing.

> *Decree reversed and case remanded for the passage of an order in accordance with this opinion.*