M. LIT, INC., Etc. *v.* BERGER

[No. 240, September Term, 1960.]

242

*Decided May 4, 1961.*

*Motion for rehearing filed June 2, 1961, denied June 22, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Joseph I. Huesman,* for appellant.

*Herbert L. Grymes,* for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from an order of the Superior Court of Baltimore City dismissing the petition of appellant, a judgment creditor of the appellee, to subject appellee's interest in an alleged partnership to a charging order under Code (1957), Article 73A, § 28, and for other relief under Maryland Rule 628.

Appellant in this case is a vendor of plumbing supplies, who obtained a judgment against the appellee on October 2, 1953, for the sum of $2,107.41. This judgment arose out of transactions between the appellant and a firm called Watermasters of Baltimore, engaged in the plumbing business, which operated as a partnership consisting of the appellee and one Julian O. Fitz. Fitz was, and is, totally insolvent and the appellant has sought to charge the whole indebtedness to the appellee through its proceedings in this case.

In 1954, after the failure of the plumbing firm, the appellee and his wife, Beverly Berger, purchased the property and tavern business at 636 North Chester Street in Baltimore, with funds advanced by the wife and from funds derived from property owned as tenants by the entireties. This establishment was operated as Norm's Tavern by Mr. and Mrs. Berger without incident until early December 1959, when appellant retained its present counsel to initiate steps to collect the judgment. On December 3, 1959, the appellant secured the issuance of a writ of *fieri facias* on the judgment instructing the

sheriff of Baltimore City to levy upon the alleged partnership interest of the appellee in (a) the class B beer, wine, and liquor license issued appellee and his wife, Beverly Berger, by the Board of Liquor License Commissioners of Baltimore City; and (b) all the stock in trade, cash, furniture, fixtures and other assets of the business at the said premises, operated under that license.

This writ was returned by the sheriff *nulla bona* on the ground that the liquor license was in the names of the appellee and his wife, Beverly Berger.

Appellant then filed a petition for supplementary proceedings under Maryland Rule 628 and the hearing on said petition was held before Daniel C. Joseph, Legal Commissioner, on January 9, 1960, to which the appellee and several other witnesses were summoned, and duly testified. At this hearing the appellee at one point referred to himself as a "partner" with a "50% interest" in the tavern, and as "co-owner" with his wife. He later corrected himself and stated that he meant that the property was owned as a tenancy by the entireties.

Following the hearing before the Commissioner on February 9, 1960, the appellant filed its petition to subject appellee's interest in the alleged partnership known as Norm's Tavern to a charging order, and for other relief under Maryland Rule 628. The appellee filed an answer to this petition and a hearing on the petition and answer was held in open court before Judge Harlan on April 22, 1960. At this hearing appellee and his wife, Beverly Berger, testified, as did a number of officials of the Board of Liquor License Commissioners of Baltimore City. Testimony at this hearing revealed that the liquor license for Norm's Tavern had been in appellee's and his wife's name since it was initially issued to them in 1954, and that the application for renewal of the license filed on March 31, 1960, was made in both names but subsequent to the filing of the application the appellee, through his attorney, had the secretary of the Board of License Commissioners strike out his name on the application on the basis that he had transferred all of his interest to his wife. During the luncheon recess of said hearing appellee's wife obtained the

new license issued in her name alone from the Liquor Board, and had it in her possession in court. The money for the purchase of this license was raised through a loan on 636 North Chester Street, the property where the business was located, and which was owned by the appellee and his wife. Appellee at the hearing still considered himself and his wife as owners of the tavern business, stated they made joint drawings from it, and that appellee still participated in its operation.

Appellant requested the lower court at this hearing to take the new liquor license which had been issued to Beverly Berger into its custody but Judge Harlan, after discussing the matter in chambers with counsel, refused to do so and held the case *sub curia,* asking counsel to submit memoranda on their respective positions. On April 28, 1960, six days after the hearing in court, the Board of License Commissioners held a hearing at which the appellee and his wife were charged with making a false statement in the renewal application of March 31, 1960. Appellant appeared at the hearing through its counsel to request that the Board restore appellee's name to the liquor license, but the Board refused this request, holding that appellant's recourse to protect its interest in that regard was to the civil courts.

On June 22, while the case was still being held *sub curia* by Judge Harlan, there was filed with the Board of Liquor License Commissioners an application by John J. Farrell and his wife for the transfer from Beverly Berger to the Farrells of the liquor license for Norm's Tavern and the business conducted thereunder. Appellant, upon learning of this application, on July 6, filed its petition for further relief under Rule 628 by which it sought to make Beverly Berger, the Board, and the Farrells parties to this proceeding. This petition was presented to Judge Harlan, who refused to sign the show cause order.

Subsequent to the filing of this petition for further relief under Rule 628 the appellant learned that one Virgil Presgraves was making claim against the tavern business of the

appellee and his wife, claiming to be a partner in that business under a written agreement between the Bergers and Presgraves, and seeking an accounting. The appellant thereupon filed a motion to take additional testimony and another hearing was held by the lower court on July 26, at which various witnesses, including Presgraves and Farrell, testified. Just prior to this hearing, on July 25, Presgraves instituted an action for an accounting against the Bergers in Circuit Court No. 2 of Baltimore City. In his bill of complaint Presgraves alleged that a partnership existed between himself and the Bergers for the operation of Norm's Tavern, that said partnership had been dissolved, but its affairs had not been wound up, sought an accounting from the Bergers of the partnership assets, and asked the court to ascertain the value of his interest in the partnership and to pass a decree requiring the Bergers to pay in cash the amount of that valuation. This case was pending and had not been decided, although Judge Harlan was aware of its pendency, he having signed the show cause order requiring the Bergers to answer the bill.

Following the hearing on July 26, on July 29 Judge Harlan filed a comprehensive written opinion dismissing appellant's initial petition to charge appellee's interest in the alleged partnership known as Norm's Tavern, and for other relief under Rule 628.

In our view this case presents three questions for our consideration:

I. Was the business of Norm's Tavern at 636 North Chester Street owned and operated by Beverly H. Berger and the appellee as tenants by the entireties, or as a partnership?

II. Under the contract with Presgraves, on which the appellant relies—is not the share of Beverly H. Berger and the appellee indicated as a tenancy by the entireties—to which a lien against the appellee alone could not attach?

III. Assuming the name of the appellee should still have been on the liquor license—is there any property right that could be seized by a creditor of the appellee under the circumstances in this case?

# I

The real property on which Norm's Tavern was located was titled in the names of the appellee and his wife as tenants by the entireties. It affirmatively appears from the record and the finding of fact by the trial court that the tavern was purchased in 1954 with money procured from the appellee's wife and from the sale of other property owned by the appellee and his wife as tenants by the entireties. There never was any written agreement between the appellee and his wife as to the operation of the business. Since 1954 it was carried on under a liquor license issued in the names of both husband and wife. Federal and state income tax returns were filed jointly and signed by both parties. The accountant who audited the books of the business testified that he prepared the returns on the understanding that the business was not operated as a partnership. Government and state forms for Social Security and sales taxes were signed sometimes by the wife, sometimes by the husband, or both.

The burden of proving a partnership is on the one who alleges its existence. *Collier v. Collier,* 182 Md. 82, 32 A. 2d 469; *Beard v. Beard,* 185 Md. 178, 44 A. 2d 469; *Miller v. Salabes,* 225 Md. 53. The mere sharing of profits is not in itself sufficient to create a partnership as provided by Code (1957), Article 73A, § 7 (3), nor does the fact that the property or business is operated and owned as joint tenants, tenants in common, tenancy by the entireties, joint property, common property, or part ownership by itself establish a partnership. § 7, (2) *supra.* Partnership is a matter of intention between the parties either by an express agreement or inferences drawn from their conduct. *Cohen v. Orlove,* 190 Md. 237, 57 A. 2d 810. As in contract law generally the intention of the parties should be given great weight in deter-

mining the existence of a partnership. *Southern Can Co. v. Sayler,* 152 Md. 303, 136 Atl. 624.

In the case at bar the appellant has failed to meet the burden of proof necessary to prove partnership. It is true that there was no written agreement between the parties, appellee and his wife, and it is also true that a written agreement is not necessary where the circumstances and acts of the parties indicate an intention to create a partnership. *Southern Can Co. v. Sayler, supra;* and *Morgart v. Smouse,* 103 Md. 463, 63 Atl. 1070. But in this case the evidence discloses an absence of an agreement, coupled with the fact that the parties never considered themselves as a partnership in the statutory sense of the word, nor did they hold themselves out as such in their business transactions. On the contrary they always considered themselves owning one undivided interest. This is further evidenced by the fact that the agreement executed between the appellee and his wife and Presgraves did not separate their interest but referred to themselves jointly as "party of the first part" and did not divide their holdings in the allocation of the partnership property and profits. It is true that the testimony of the appellee in the supplementary proceedings referred to him as a "partner" with a "50% interest" in the tavern, and as "co-owner" with his wife. However, the appellee later corrected himself and stated that he meant that the property was owned as tenants by the entireties. Moreover, it is well established (1) that a conveyance to a husband and wife of property gives rise to a presumption that the property is held as tenants by the entireties unless the contrary is designated. *Marburg v. Cole,* 49 Md. 402, *Ades v. Caplin,* 132 Md. 66, 103 Atl. 94; (2) that property purchased with entirety money is also entirety property. *Brell v. Brell,* 143 Md. 443, 122 Atl. 635; *Tait v. Safe Deposit & Trust Co.,* 70 Fed. 2d 79; and (3) that personal property can also be held by the entireties. *Brewer v. Bowersox,* 92 Md. 567, 48 Atl. 1060; *Frey v. McGaw,* 127 Md. 23, 95 Atl. 960; *Whitelock v. Whitelock,* 156 Md. 115, 143 Atl. 712. Thus when a tenancy by the entireties situation arises neither husband nor wife can dispose of, sell, or encumber any part

of the estate without the assent of the other since the nature of the estate gives each party an undivided share in the whole. *Ades v. Caplin, supra, Jordan v. Reynolds,* 105 Md. 288, 66 Atl. 37.

The record supplies ample proof to substantiate the trial court's finding that the property and business were owned and conducted by the appellee and his wife as tenants by the entireties, and not as a partnership as contended by the appellant. In a Pennsylvania case, which involved a similar situation, *Perez v. Thoraldson,* 84 Pa. Dist. & Co. Rep. 377, the husband and wife purchased real estate, fixtures, and personal property of a restaurant and taproom business as tenants by the entireties, obtained a liquor license jointly as husband and wife, maintained a joint bank account in both their names and that of the business, the business was registered in both of their names, income tax returns filed jointly, and neither drew a salary but used the profits for their mutual support. The Court held in that case that there was no intention by the parties to conduct the business as a partnership, but on the contrary the facts and circumstances showed an intention to conduct the business as tenants by the entireties, and that a judgment creditor of the husband was prevented from levying on the husband's interest in the business for a debt not connected with the business. The Court said: "The fact that the parties conducting this taproom business were husband and wife serves to negate an inference of a partnership in the absence of any other factors." While that case was from another jurisdiction and is not controlling, it offers compelling logic in the treatment of a business arrangement operated by husband and wife. Where such a situation exists more evidence than that which is present in this case is needed to establish a partnership and rebut the strong presumption to the contrary. We hold that Norm's Tavern was operated by the Bergers as tenants by the entireties, and not as partners.

## II

The answer to the second question must be in the affirmative. Assuming, without deciding, that between May, 1959,

and July of that year there came into being a partnership consisting of Mr. and Mrs. Berger and Presgraves, and that this partnership, if it existed, was dissolved with nothing more to be done than the winding up of its affairs, nevertheless we conclude from the record that the interest of the Bergers, "the party of the first part", was that of a husband and wife as tenants by the entireties, which could not be subjected to a claim against the husband alone. The appellant was a creditor of the appellee under a prior partnership arrangement between the appellee and Fitz. This debt which caused the appellant to be a creditor did not even arise from any transaction between the appellant and the appellee's partnership with Presgraves.

The purpose of the winding up provision of Article 73A, § 30, *supra,* is for the benefit of individuals who have dealings with a partnership and relates to transactions which occur during the existence of the partnership. The debt incurred here was completely alien to the business transactions during the Presgraves partnership. If and when the Presgraves partnership is wound up the interest of the Bergers will revert to them as tenants by the entireties clear of any claim that the appellant might have against the appellee individually.

### III

Since we have held that Norm's Tavern was operated by the Bergers as tenants by the entireties it is not necessary in the decision of this case for us to consider whether the liquor license has any of the attributes of property which could be subjected to the claim of a judgment creditor.

*Order affirmed, appellant to pay the costs.*