### RESTHAVEN MEMORIAL GARDENS, INC. *v.* SNYDER

[No. 92, September Term, 1967.]

*Decided February 13, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

*K. J. Mackley,* with whom were *Ottinger, Mackley & Gilbert* on the brief, for appellant.

*Charles U. Price* for appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal is from the Circuit Court for Frederick County where Judge Clapp issued an order sustaining the demurrer of the defendant-appellee Rena Snyder, surviving wife of Paul L. Snyder, originally named as a co-defendant, to the amended bill of complaint filed by the plaintiff-appellant, Resthaven Memorial Gardens, Inc., in which it sought specific performance of an option allegedly owned by it.

The option involved was for the purchase of a twenty acre tract of land located in Frederick County, about five miles north of the city of Frederick on U. S. Route No. 15. This was part of a 228 acre tract owned in 1960 by Ellis O. and Christine A. Ramsburg. In August 1960 the Ramsburgs executed the option

in favor of Martin F. and Roberta K. Sweeney. The optionees, as provided in the instrument, were given the right to exercise the option on or before November 1, 1964, and settlement was to be within thirty days, at an agreed price stated in the option.

On December 24, 1960, the Ramsburgs conveyed to Mr. and Mrs. Sweeney a thirty acre parcel adjacent to the twenty acres described in the option. Thereafter the Sweeneys organized the appellant corporation and conveyed to it the thirty acre parcel on which a memorial park type cemetery was constructed and operated by the corporation. The Ramsburgs later conveyed the remainder of their farm to Paul L. and Rena Snyder subject to the purchase option on the twenty acre parcel.

On or about June 29, 1962, Richard F. Cody Associates, Inc., pursuant to a written contract, purchased the stock and all the assets of the appellant corporation with the exception of certain notes receivable. An amendment to the contract recited that it "contemplated" the assignment to the purchaser of the option to purchase the aforementioned twenty acre tract.

Some time in October of 1964 the appellant alleged that acting through its president, Richard F. Cody, it gave seasonable notice to Mr. Ramsburg and the Snyders that it had elected to exercise the purchase option. It further alleged that within the thirty day settlement period it tendered full payment for the property but that the Snyders refused to convey the twenty acre parcel. On November 20, 1964, the Sweeneys executed a confirmatory assignment in favor of the appellant corporation, reciting that it was for the purpose of confirming the assignment allegedly made when Resthaven was sold to Richard F. Cody Associates, Inc. The Snyders still refused to convey the twenty acres, contending that the purchase option was not assignable and, at any rate, that if there was an assignment it was made subsequent to the date on which the option expired and therefore was of no effect. The appellant's bill seeking specific performance of the option agreement, was countered by a demand on the part of the appellee for the production of the written instrument effecting the assignment. The appellant produced the amended agreement of purchase and sale of 1962 and the confirmatory assignment of November 20, 1964. The appellee's de-

murrer to the bill was sustained by the lower court with leave to amend. An amended bill was subsequently filed and the appellee again countered by filing a demurrer. After a hearing, Judge Clapp issued an opinion and order sustaining the demurrer without leave to amend on the ground that the pleadings did not show that an assignment had been made. This appeal followed.

On examination of the record before us and after consideration of the briefs and oral arguments of the parties we find ourselves in agreement with the conclusion of the lower court.

As between the Ramsburgs and Sweeneys the option executed in 1960 was valid and binding on the parties and was held by the Sweeneys as tenants by the entirety. As such it could not be assigned or conveyed except by joint action of both husband and wife. *M. Lit, Inc. v. Berger,* 225 Md. 241, 248-49, 170 A. 2d 303. When the Sweeneys formed the appellant corporation they conveyed to it the thirty acre parcel obtained from the Ramsburgs but nowhere in the record do we find evidence that they transferred the option for the purchase of the twenty acre parcel to the corporation. Similarly, it was not shown by the record that Mr. and Mrs. Sweeney transferred the option at the time of the sale of the corporate stock and assets to Richard F. Cody Associates, Inc. An amendment to the agreement to purchase and sale to Cody recites, "That this contract contemplates the assignment of a certain purchase option for additional acreage at the time of settlement." This amendment was signed for Resthaven Memorial Gardens, Inc. by its president, James K. Sweeney, Vendor; for Richard F. Cody Associates, Inc. by its president, Richard F. Cody, Vendee; and by Martin F. Sweeney, party of the third part. At no place in the record do we find evidence of a transfer of the option to Resthaven or to Cody Associates by Roberta K. Sweeney. The only instrument shown in which Mrs. Sweeney's name appears as a party is the confirmatory assignment on November 20, 1964, executed nineteen days after the option expired. Without considering what effect this document would have on a faulty or incomplete assignment made before the expiration of the option, we find that here there was no prior assignment and therefore nothing to be confirmed. Assuming, arguendo, that the contract of

714

sale to Cody in 1962 did contain a promise to assign, and that Martin F. Sweeney was bound thereby as party of the third part to the contract, this still does not affect the interest held by his wife as the other tenant by the entirety and the fact that she was a shareholder and director of the corporation and consented to negotiations for the sale of the corporation and some of its assets did not constitute a promise, actual or implied on her part, to assign her interest in the option.

Having found that no assignment existed we find it unnecessary to consider the appellant's questions concerning the validity of such an assignment, its enforceability, or who could properly challenge it.

*Order affirmed, costs to be paid by appellant.*